IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Delante Ronzell Byrd, | ) | Civil Action No. 4:13-713-TLW |
| | ) | Cr. No. 4:09-73 |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Delante Ronzell Byrd, (hereinafter "Petitioner" or "Defendant"). On July 28, 2009, a federal grand jury returned a multi-defendant, multi-count Second Superseding Indictment, charging Defendant with one count of conspiracy to possess with intent to distribute and distribution of cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 21 U.S.C. §§ 846. (Doc. # 393). On October 15, 2009, a signed plea agreement was filed. (Doc. # 584). Included in the plea agreement was a provision in which Defendant agreed to waive his right to appeal his conviction and sentence (with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct). (Doc # 584, at ¶13). Defendant and his trial counsel initialed this provision. Id. On November 2, 2009, Defendant pled guilty to Count 1 of the Second Superseding Indictment. (Docs. # 584, # 616, & #617). On September 27, 2010, the Court sentenced Byrd to 210 months imprisonment, to be followed by 10 years of supervised release after the Court granted the Government's motion for downward departure. (Docs. # 939 & D# 945). That same day, Defendant signed a document indicating that the court informed him of his right to appeal, that he discussed this right with his

1

attorney and that he did not want to appeal. (Doc. # 940). The Court filed the Judgment in this case on October 12, 2010. (Doc # 945). Defendant did not appeal his conviction or sentence. On March 18, 2013, (over two years after his conviction became final), Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255. (Doc. # 1155). On April 17, 2013, the Government filed a motion to dismiss as to the petition with a supporting memorandum. (Doc. # 1168). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed April 18, 2013 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 1169). Petitioner filed a response on May 24, 2013. (Doc. # 1173). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more

2

limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved to dismiss Petitioner's motion. (Doc. # 1168). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See

3

also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## **DISCUSSION**

Petitioner asserts a number of grounds for relief in his Petition related to claims of ineffective assistance of counsel. The Government has asked that Petitioner's petition be dismissed as time barred. The Court will initially address the timeliness of Petitioner's Petition.

A one-year period of limitation applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

After careful review and consideration, the Court concludes that Petitioner's petition is untimely under 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final over 2 years before he filed the current § 2255 Motion. Again, Petitioner was sentenced on September 27, 2010, and the Judgement was entered on October 12, 2010. Under Fed. R. App. P. 4(b)(1)(A), Petitioner had 14 days after the entry of the judgement to file a direct appeal. However, Petitioner did not file an appeal. When a defendant does not file a direct appeal, the judgment of conviction becomes final when the time for filing an appeal expires. See Sherill v. United States, 2006 WL 462092 *1

4

(W.D.N.C. Feb. 23, 2006)(unpublished opinion); Sanchez-Castellano v. United States, 358 F.3d 424 (6th Cir. 2004); United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008).   Accordingly, pursuant to the rules for computation of time found in Fed. R. Crim. P. 45(a), the judgement of conviction in Petitioner's case became final on or about October 26, 2010, which is also the date the one year limitations period began to run. Thus, under § 2255(f), Petitioner had one year, specifically until October 26, 2011, in which to file his § 2255 Motion. However, Petitioner did not file his § 2255 Motion until approximately March 5, 2013, at the earliest (the approximate date he placed his Motion in the prison mailing system based on the mailing date on the envelope), over 2 years after his judgement of conviction became final, and over 16 months after the time for filing his habeas petition expired.  Accordingly, the Court is constrained to concludes that Petitioner's application is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Additionally, the Court does not find that any of the other potential triggering dates set forth in Section 2255(f) apply to this case.  Petitioner does not even allege, much less establish, any unconstitutional or illegal action by the Government which prevented him from making his § 2255 Motion.  Neither does Petitioner allege that he is entitled to relief based on any right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Finally, Petitioner does not allege, or establish, any newly discovered facts which would affect the starting date of the limitation period.

Petitioner contends that the present motion is timely based on the doctrine of equitable tolling. The Government asserts that Petitioner has not shown an adequate basis for equitable tolling of the time limitation in this case.  After careful consideration of Petitioner's argument, and the Government's position, the Court finds the Government's position to be sufficiently persuasive.

5

This Court concludes that Petitioner has made no showing that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness. See Harris v. Hutchinson, 209 F.3d 325, 330-331 (4th Cir. 2000). Petitioner has not shown that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 Motion, nor that any "extraordinary circumstances" beyond his control prevented him from filing his motion within the statute of limitations. Harris, 209 F.3d at 330.

Accordingly, because Petitioner's § 2255 Motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his Motion is untimely and is **DISMISSED**.

Although the Court dismisses this case as untimely, it does note that after careful review of Petitioner's substantive claims of ineffective assistance of counsel, the Court concludes that they lack sufficient legal merit. In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir.1987)).

This Court is not sufficiently persuaded that Petitioner has satisfied either of the Strickland prongs in relation to any of his asserted grounds for relief. In each instance Petitioner has made an assertion that counsel has failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective standard of reasonableness, much

6

less that any deficiency in counsel's representation resulted in prejudice to Petitioner.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DISMISSED** (Doc. # 1155) and the Government's motion to dismiss is **GRANTED** (Doc. # 1168). This action is hereby **DISMISSED** as untimely.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                  s/Terry L. Wooten
                                                  TERRY L. WOOTEN

August 8, 2013                                  Chief United States District Judge
Florence, SC