IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:09-cr-00073-TLW |
| Delante Ronzell Byrd ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# ORDER

This matter is before the Court on a Pro Se Motion for Reduction of Sentence by Defendant Delante Ronzell Byrd ("Defendant"). (Doc. #1273). For the reasons discussed below, the Court denies the motion.

### I.     Factual and Procedural History

On November 2, 2009, Defendant pleaded guilty to Conspiracy to Distribute and Possession With Intent to Distribute 50 Grams or More of Crack Cocaine and 5 Kilograms or More of Cocaine. (Docs. #584, 617). The Court sentenced Defendant to 210 months' imprisonment on September 27, 2010. (Doc. #945). On March 18, 2013, Petitioner filed a petition pursuant to 28 U.S.C. § 2255, (Doc. #1155), which the Court dismissed as untimely on August 8, 2013, (Doc. #1191). Petitioner's present motion followed on December 20, 2013.

### II.     Discussion

While not couched as a petition pursuant to § 2255, the Court notes that Petitioner's present motion seeks relief only cognizable under § 2255. See Provenzale v. United States, 388 F. App'x 285, 286 (4th Cir. 2010) ("A federal prisoner… who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255…."). Thus, the Court

construes the present motion as a petition for relief pursuant to § 2255. However, Petitioner has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a second or successive motion. A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 motion, the present motion is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider the present motion. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion.").

### III.     Conclusion

The Court construes this motion as Petitioner's second § 2255 motion. He must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion. As he has not obtained this authorization, this petition is subject to dismissal. For these reasons, Petitioner's

motion for relief, (Doc. # 1273), is **DENIED**.[1]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

July 2, 2014
Columbia, South Carolina

---

[1] Furthermore, the Court notes that even were this motion not procedurally barred, the Defendant's request for relief pursuant to the FSA is without merit because of the drug weights attributable to the Defendant. See 21 U.S.C. § 841. Specifically, the Court adopted drug quantities of 36.48 kilograms of powder cocaine and 44 kilograms of crack cocaine in this case. (Docs. #937, 946, 1053).