IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Delante Ronzell Byrd, | Crim. No. 4:09-cr-00073-TLW |
| PETITIONER | C/A No. 4:14-cv-03990-TLW |
| v. | |
| United States of America, | **Order** |
| RESPONDENT | |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Delante Ronzell Byrd. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and was sentenced to 210 months incarceration on September 27, 2010. He did not file a direct appeal.

On March 5, 2013, Petitioner filed his first § 2255 petition. ECF No. 1155  After briefing, the Court dismissed the petition as untimely and on the merits. ECF No. 1191. He did not appeal the denial of this petition.

Petitioner filed the instant § 2255 petition on October 9, 2014,[1] asserting that he is entitled to relief based on misconduct by his prior counsel, Joenathan Chaplin. ECF No. 1327. He has not received permission from the Fourth Circuit under 28 U.S.C. § 2244 to file this second or successive petition. The Government filed a motion to dismiss, arguing that this

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

§ 2255 petition should be dismissed as second or successive, as untimely, and that he is not entitled to relief on the merits. He then filed a response to the Government's motion.

This matter is now ripe for decision.

## II.  Discussion

The Court does not have jurisdiction to consider Petitioner's petition. He has filed a previous § 2255 petition and has not obtained permission from the Fourth Circuit to file a second or successive petition. A second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has filed a previous § 2255 petition, the present petition is second or successive. He has not received an order from the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive petition under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, '[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A).  This he has not done.").

Petitioner asserts that this petition is not second or successive because it did not ripen until his prior counsel was federally charged in 2014, after the Court had dismissed his prior petition.[2]  The Court notes Chaplin's actions, but Petitioner has not specifically demonstrated how any actions that Chaplin took regarding Petitioner's case adversely impacted his case or that any basis for § 2255 relief was not known to him at the time he filed his prior habeas petition.. The federal charge addressed Chaplin's actions regarding another person's case, not Petitioner's. Simply put, Petitioner has not demonstrated that Chaplin provided Petitioner with constitutionally ineffective representation.

## III.  Conclusion

For these reasons, the Government's Motion to Dismiss, ECF No. 1347, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 1327, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires

---

[2] Records from the South Carolina Bar and the federal prosecution indicate that Chaplin was publicly reprimanded in 2013 for charging a state court defendant an unreasonable fee to attempt to obtain a reduced sentence for him, *see In re Chaplin*, 748 S.E.2d 791, 792–93 (S.C. 2013), and that he was placed on interim suspension in 2014 as a result of a federal charge for making false statements to a federal agent regarding his failure to file IRS reporting forms, to which he pled guilty and was sentenced to three years probation, *see In re Chaplin*, 758 S.E.2d 708, 708 (S.C. 2014); 3:14-cr-00276-MBS (D.S.C.).  Though Petitioner asserts that Chaplin has been disbarred, Petitioner has not provided any evidence to that effect and a search of the South Carolina Bar website (http://www.scbar.org/Bar-Members/Member-Directory) does not indicate that there has been any further disciplinary action against Chaplin and that he remains on interim suspension.

that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Chief United States District Judge

August 28, 2015
Columbia, South Carolina