IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, <br><br> v. <br><br> Delante Ronzell Byrd | Crim. No. 4:09-cr-00073-TLW-2 <br><br> **Order** |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 136, 141. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 360 months to Life (37/VI), followed by 10 years of supervised release. PSR ¶¶ 137, 144. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing five levels, his reduced Guidelines range became 210–262 months (32/VI). The Court imposed a 210-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 945. The Court later reduced his sentence to 150

1

months imprisonment pursuant to a Rule 35(b) motion filed by the Government. ECF No. 1577.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy case involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Gravatt* did not address whether that particular defendant's

sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (44 kilograms) that would have clearly supported a charge to the current threshold amount (280 grams); (2) his statutory penalties would have been the same if the Fair Sentencing Act had been in place at the time of his sentencing because he was also convicted of conspiring to possess with intent to distribute 5 kilograms or more of cocaine;[1] (3) he has a significant prior record, including several prior drug distribution convictions; and (4) he was on parole when he committed the instant offense. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 1682, is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 2, 2020
Columbia, South Carolina

---

[1] Notably, he was held accountable at sentencing for a cocaine weight of 36.48 kilograms, in addition to the crack weight of 44 kilograms.

3